1  ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
   JULIE Z. KIMBALL, State Bar No. 252449
2    jkimball@elkinskalt.com
   LEANNE O. VANECEK, State Bar No. 279317
3    lvanecek@elkinskalt.com
   2049 Century Park East, Suite 2700
4  Los Angeles, California 90067-3202
   Telephone: 310.746.4400
5  Facsimile: 310.746.4499

6  Attorneys for Plaintiff

7

8              UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11  DAVID A. POMS, an individual,          CASE No.  2:18-cv-09393

12            Plaintiff,                    **COMPLAINT FOR:**

13       v.                                 1. Violation of Computer Fraud and
                                               Abuse Act Under 18 U.S.C.
14  TARA E. QUINN, an individual,              Section 1030;
                                            2. Violation of California Penal
15            Defendant.                        Code Section 502;
                                            3. Invasion of California
16                                             Constitutional Right to Privacy;
                                               and
17                                          4. Conversion

18                                          DEMAND FOR JURY TRIAL

19

20

21

22

23

24

25

26

27

28

1078813v1

COMPLAINT

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

Plaintiff David A. Poms alleges against Defendant Tara E. Quinn as follows:

## INTRODUCTION

1.      In the fall of 2015, Plaintiff David A. Poms invited Defendant Tara E. Quinn (aka Tara Quinn, Tara Garmany, Tara Allen, and Tara Timmerman) to live with him in a home owned by the David A. Poms Family Trust.  Defendant was not authorized to use Mr. Poms' computer, mobile phone, tablet, or any other electronic device that belonged to Mr. Poms.

2.      On October 1, 2018, Defendant ended her relationship with Mr. Poms, but refused to leave his home.  Instead, she changed the locks, denying Mr. Poms entrance to his home.

3.      Subsequently, Mr. Poms discovered that Defendant had been accessing his computer, mobile phone, and tablet without his knowledge or permission for over a year, and that she had reviewed his personal and business emails and text messages without authorization.

4.      Mr. Poms brings this action to prevent any dissemination of the information that Defendant unlawfully accessed.  He also seeks to recover for damage that she has done to his personal belongings while she has denied him possession of his home.

## THE PARTIES

5.      Plaintiff is an individual.  He is, and at all times relevant was, a citizen of California residing in the County of Los Angeles.

6.      Defendant is an individual.  She is, and at all times relevant was, a citizen of California residing in the County of Los Angeles.

/ / /

/ / /

/ / /

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

## JURISDICTION AND VENUE

7.     This action is based on, and seeks to redress violations of, the Computer Fraud and Abuse Act, 18 U.S.C. §1030.  Accordingly, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this action arises under the laws of the United States, and has supplemental jurisdiction over the state law claims.

8.     Venue in this judicial district is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and the defendant is a resident of California and a resident of this judicial district.

## FACTS COMMON TO ALL CAUSES OF ACTION

9.     In 2012, the David A. Poms Family Trust ("Family Trust") purchased 29751 Pacific Coast Highway, Malibu, California 90265 (the "Residence") as the primary residence for Mr. Poms.  The Family Trust began renovations on the Residence in 2014.  Most of the remodel was completed before Mr. Poms met Defendant in June or July of 2014.

10.     In about October 2015, Mr. Poms orally invited Defendant to live with him at the Residence.

11.     Mr. Poms kept a desktop computer (which he uses primarily for business), a mobile phone, and a tablet (together, the "Devices") at the Residence during the time that Defendant lived there.  Defendant had her own laptop and mobile phone.

12.     Mr. Poms told Defendant that the Devices were off limits to her, and that he used them for his business and personal correspondence.

13.     Mr. Poms advised Defendant that the desktop computer, in particular, was not to be used by her.  Defendant disclaimed any interest in or reason for using the desktop computer because she owned a laptop computer of her own.  In fact,

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1    Defendant professed an inability to use PCs at all, stating that she was "a MAC

2    person."

3         14.    Furthermore, Mr. Poms never gave Defendant permission to access his

4    business or personal email accounts.  Nor would he, as his email accounts contain

5    data that is highly confidential.  It includes correspondence relating to his business

6    and professional activities, including his participation as a Director on several

7    boards.

8         15.    On the morning of October 1, 2018, as Mr. Poms left the Residence for

9    a business trip, a process server followed him to the airport and handed him an

10   eleven-page letter from Defendant's counsel, threatening to ruin him professionally

11   if he did not give Defendant his house and money.

12        16.    When Mr. Poms returned from his business trip, he was locked out of

13   his own home.  Defendant changed the locks of the Residence and disabled the

14   Hikvision digital surveillance system ("Hikvision Computer") protecting it.  She

15   refuses to leave in violation of California Penal Code sections 602 and 602.5.

16        17.    Mr. Poms later learned that Defendant had, directly or indirectly,

17   sabotaged the DVR Recorder that is part of the Hikvision Computer and forcibly

18   removed the two hard drives contained therein.  The hard drives she removed are

19   missing.

20        18.    Defendant has destroyed or disposed of other of Mr. Poms' personal

21   possessions in the days since October 1, 2018.

22        19.    Mr. Poms has also discovered, through forensic analysis of his desktop

23   computer, that Defendant spent hours accessing confidential files on his desktop

24   computer while he was out of town or at his Woodland Hills office.  She seeks to

25   use them to extort money from him.

26        20.    On information and belief, Defendant also accessed the other Devices

27   without Mr. Poms' permission and took his confidential data for her own purposes.

28

21.     Mr. Poms has spent more than $5,000, and expects to spend more, to respond to Defendant's offenses and assess and repair the damage caused by Defendant's unlawful access of the Devices.

## **FIRST CLAIM FOR RELIEF**

### **Violation of Computer Fraud and Abuse Act Under 18 U.S.C. § 1030**
### **(By David Poms Against Tara Quinn)**

22.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 21 of this Complaint.

23.     Mr. Poms routinely kept the Devices and Hikvision Computer at the Residence.  Each of the Devices and the Hikvision Computer was and is Internet enabled, and was and is used in or affects interstate commerce or communication. Each of the Devices constitutes both a "computer" and "protected computer" under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(e)(1) and (e)(2)(B), respectively.

24.     Defendant was not authorized to access the Devices or Hikvision Computer.

25.     Mr. Poms is informed and believes, and thereon alleges, that Defendant intentionally accessed the Devices and Hikvision Computer without authorization and obtained information from the Devices in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C).

26.     Mr. Poms is informed and believes, and thereon alleges, that Defendant intentionally accessed the Devices and Hikvision Computer without authorization, and as a result caused damage in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(b).

27.     Defendant's conduct caused Mr. Poms to suffer a loss of at least $5,000.

28.     Under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g), Mr. Poms is entitled to an injunction, damages, and other legal and equitable relief as prayed for in this Complaint.

### SECOND CLAIM FOR RELIEF

**Violation of California Penal Code Section 502**

**(By David Poms Against Tara Quinn)**

29.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 28 of this Complaint.

30.     The Devices and Hikvision Computer each constitute a computer, computer system, and/or computer network for the purposes of California Penal Code § 502.

31.     Each of the Devices and Hikvision Computer also connects to a computer network or computer system as those terms are defined in California Penal Code § 502.

32.     Each of the Devices and Hikvision Computer is capable of accessing computer services as that term is defined in California Penal Code § 502.

33.     Mr. Poms is informed and believes, and on that basis alleges, that Defendant knowingly and without permission altered, damaged, deleted, destroyed or otherwise used the Devices and Hikvision Computer, and the data contained thereon, to (A) devise or execute a scheme or artifice to defraud, deceive, or extort Mr. Poms out of his assets, including his money and possession of the Residence, and/or to (B) wrongfully control or obtain money, property, or data, including but not limited to Mr. Poms' money and possession of the Residence, in violation of California Penal Code § 502(c)(1).

34.     Mr. Poms is informed and believes, and on that basis alleges, that Defendant knowingly accessed and without permission took, copied, or used data

Elkins Kalt Weintraub Reuben Gartside llp
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

from the Devices and Hikvision Computer that belongs to Mr. Poms in violation of California Penal Code § 502(c)(2).

35.    Mr. Poms is informed and believes, and on that basis alleges, that Defendant knowingly and without permission accessed and used his electronic mail in violation of California Penal Code § 502(c)(3).

36.    Mr. Poms is informed and believes, and on that basis alleges, that Defendant knowingly and without permission accessed the Devices and Hikvision Computer in violation of California Penal Code § 502(c)(7).

37.    These violations have damaged Mr. Poms, and he is entitled to an injunction, compensatory and punitive damages, attorneys' fees, and other legal and equitable relief as prayed for in this Complaint.

38.    Mr. Poms alleges that Defendant's conduct alleged above was undertaken with the intent to injure Mr. Poms or gain an advantage in potential litigation against Mr. Poms, and constitutes clear and convincing evidence of outrageous, oppressive, and malicious conduct that entitles Mr. Poms to an award of punitive damages.

## THIRD CLAIM FOR RELIEF

### Invasion of California Constitutional Right to Privacy

### (By David Poms Against Tara Quinn)

39.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 38 of this Complaint.

40.    Mr. Poms has a constitutionally protected right to privacy guaranteed by the California Constitution, Article I, Section 1.

41.    On information and belief, Defendant accessed, without permission, Mr. Poms' electronic mail and text messages that were not directed to her.

42.    Mr. Poms has a legally protected privacy interest as against Defendant in his electronic mail and text messages not directed to her.  Specifically, Mr. Poms

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1  has both a legally protected interest in precluding the dissemination or misuse of

2  sensitive and confidential information ("informational privacy"), and a legally

3  protected interest in making intimate personal decisions or conducting personal

4  activities without observation, intrusion, or interference ("autonomy privacy").

5       43.     Mr. Poms has a reasonable expectation of both informational and

6  autonomy privacy in his electronic mail and text messages (the "Data") against

7  Defendant because (1) the Data was not directed to, sent to, or shared with

8  Defendant; and (2) the Data was contained in the Devices, which Defendant was not

9  authorized to access.

10       44.     Defendant's conduct was highly offensive and a serious invasion of Mr.

11  Poms' privacy in part because it was done in connection with an effort to extort his

12  home and money.  On information and belief, she surreptitiously accessed,

13  reviewed, and used Mr. Poms' electronic mail and text messages in order to gain an

14  advantage over him.

15       45.     Mr. Poms has been damaged by Defendant's conduct, and is entitled to

16  an injunction, compensatory and punitive damages, and other legal and equitable

17  relief as prayed in this Complaint.

18       46.     Mr. Poms alleges that Defendant's conduct alleged above was

19  undertaken with the intent to injure Mr. Poms or gain a financial advantage against

20  Mr. Poms, and constitutes clear and convincing evidence of outrageous, oppressive,

21  and malicious conduct that entitles Mr. Poms to an award of punitive damages.

22

23  **FOURTH CLAIM FOR RELIEF**

24  **Conversion**

25  **(By David Poms Against Tara Quinn)**

26       47.     Plaintiff realleges and incorporates by reference Paragraphs 1

27  through 46 of this Complaint.

28

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1078813v1

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

48.    Mr. Poms owns the Hikvision Computer, a camera security system that was installed at the Residence in or about 2016.  This Wi-Fi enabled system included cameras, cables, and a DVR Recorder that included 16 TeraByte hard drives.

49.    After Mr. Poms left the Residence on October 1, 2018, Defendant shut down and disconnected this camera security system.

50.    On October 26, 2018, Mr. Poms discovered that Defendant had damaged the DVR Recorder and forcibly removed two hard drives from the security system, necessitating the replacement of the DVR Recorder and hard drives, among other repairs, causing thousands of dollars of damage to Mr. Poms.  The hard drives are still missing.

51.    On information and belief, Defendant has destroyed or disposed of other of Mr. Poms' personal possessions in the days since October 1, 2018.  Mr. Poms is not currently aware of the extent of Defendant's activities in this regard.

52.    Mr. Poms has been damaged as a result.

53.    Mr. Poms is entitled to an injunction and compensatory damages.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1078813v1

COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.      An injunction barring Defendant from engaging in any further wrongful conduct;

2.      Actual damages, the exact amount of which has yet to be ascertained;

3.      Punitive damages;

4.      Attorneys' fees;

5.      Prejudgment interest;

6.      Costs; and

7.      Any such further relief as the court deems just and proper.


DATED:  November 2, 2018      ELKINS KALT WEINTRAUB REUBEN
                              GARTSIDE LLP


                              By:   _____*/s/ Julie Z. Kimball*_____
                                    JULIE Z. KIMBALL
                                    Attorneys for Plaintiff David A. Poms

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

# **DEMAND FOR JURY TRIAL**

Plaintiff David A. Poms hereby demands a trial by jury.

DATED:  November 2, 2018      ELKINS KALT WEINTRAUB REUBEN
GARTSIDE LLP


By:      */s/ Julie Z. Kimball*
JULIE Z. KIMBALL
Attorneys for Plaintiff David A. Poms, as
Trustee for the David A. Poms Family Trust

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1078813v1

COMPLAINT